IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:09CV151 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RICHARD C. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on April 28, 2009. (Filing No. 1.) Also pending before the court is Plaintiff's Motion to obtain monetary damages. (Filing No. 5.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  PLAINTIFF'S PENDING MOTIONS

Plaintiff filed a Motion to obtain monetary damages (filing no. 5) on April 28, 2009. The court construes this Motion as a Motion for Leave to Amend Complaint. A party may amend its pleading once as a matter of course "before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). In addition, the court may consider a pro se plaintiff's amended pleading "as supplemental to, rather than as superseding, the original pleading." NECivR 15.1. Therefore, Plaintiff's Motion is granted and the Amended Complaint is treated as supplemental to the original for purposes of this Memorandum and Order.

## II. INITIAL REVIEW OF COMPLAINT

### A. Summary of Complaint

Plaintiff filed his Complaint on April 28, 2009, against Doctor Richard C. Brown. (Filing No. 1 at CM/ECF p. 1; Filing No. 5 at CM/ECF p. 1.) Defendant is a psychiatrist employed at the South Sioux City Boys and Girls Home. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Norfolk Regional Center in Norfolk, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges Defendant purposefully misdiagnosed him and treated him with hazardous medications. (Filing No. 1 at CM/ECF pp. 4-5.) Plaintiff seeks monetary relief in the amount of $400,000,000.00. (Filing No. 5 at CM/ECF p. 2.) Plaintiff also asks the court to (1) charge Defendant with first "degree . . . felony child abuse" and "permanently revoke[]" his license, (2) exempt Plaintiff from "state and county property tax" for all states where land is "given as a settlement in this case," and (3) award Plaintiff "property from the federal disposals unit . . . ." (Filing No. 1 at CM/ECF p. 5.)

### B. Applicable Legal Standards on Initial Review

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint

must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.    Discussion of Claims**

1.    Plaintiff's Injunctive Relief Claim for a Tax Exemption

Liberally construed, Plaintiff requests a court order that exempts him from paying "state and county property taxes" in all states where land is "given as a settlement in this case." (Filing No. 1 at CM/ECF p. 5.) This request invokes the Tax Injunction Act, which states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. When Congress enacted § 1341, it "trained its attention on taxpayers who sought to avoid paying their tax bill by pursuing a challenge route other than the one specified by the taxing authority." *Hibbs v. Winn*, 542 U.S. 88, 104-05, n.7 (2004). Section 1341 specifically proscribes interference with "those aspects of state tax

regimes that are needed to produce revenue—*i.e.*, assessment, levy, and collection." *Id.* at 105 n.7.

Here, Plaintiff's request to be exempt from "state and county property taxes" is merely another request for monetary damages. (Filing No. 1 at CM/ECF p. 5.) Pursuant to the Tax Injunction Act, the court may not suspend or restrain a state from collecting taxes as a way to compensate Plaintiff in this matter. Thus, Plaintiff's injunctive relief claim for a tax exemption against Defendant must be dismissed.

2. Plaintiff's Request to Initiate Criminal Charges Against Defendant and to Revoke Defendant's Medical License

Plaintiff also asks the court to charge Defendant with first "degree . . . felony child abuse" and "permanently revoke[]" his license. (*Id*.) The court liberally construes this statement as a request to initiate criminal charges against Defendant and to revoke his medical license. The court has no authority to grant these requests.

A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996); *see also United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."). The court does not have the authority to initiate a criminal prosecution against Defendants. Further, in Nebraska, "[l]icenses to practice medicine . . . are issued [and revoked] by the Nebraska Department of Health and Human Services . . . under the provisions of the Uniform Licensing Law." *In re Reinstatement of Navrkal*, 703 N.W.2d 247, 255 (Neb. 2005). Thus, any revocation of Defendant's medical license is a question of state law governed by state statute. *See*, *e.g.*, Neb. Rev. Stat. § 38-178. The court does not have the authority to revoke Defendant's medical license in this matter. In light of these findings, Plaintiff's request to initiate

criminal charges against Defendant and to revoke his medical license must be dismissed.

### 3. Plaintiff's Fourteenth Amendment Claim for Monetary Damages

The court liberally construes Plaintiff's Complaint to allege a Fourteenth Amendment claim against Defendant for the deprivation of adequate care. (Filing No. 1 at CM/ECF p. 5.) Under the due process clause of the Fourteenth Amendment, involuntarily committed individuals have liberty interests entitling them to safety, freedom from bodily restraint, and adequate care while in confinement. *Youngberg v. Romeo*, 457 U.S. 307, 318-19 (1982). To determine whether an involuntarily committed patient has been deprived of adequate care, courts use the professional judgment standard established in *Youngberg*. *Id.* at 323; *see also Kulak v. City of New York*, 88 F.3d 63, 75 (2d Cir. 1996) (applying the professional judgment standard to an involuntarily committed patient's claim that hospital employees improperly medicated him and failed to monitor the effect of the medication); *Lelsz v. Kavanaugh*, 673 F.Supp. 828, 845 (N.D. Tex. 1987) (applying *Youngberg*'s professional judgment standard to an involuntarily committed patient's claims relating to adequate medical care).

To establish liability for the deprivation of adequate care under the professional judgment standard, a plaintiff must show that the defendant *substantially* departed from "accepted professional judgment, practice or standards . . . ." *Youngberg*, 457 U.S. at 323. Evidence that establishes a *mere* departure from the applicable standard of care is insufficient to show a constitutional violation. *Patten v. Nichols*, 274 F.3d 829, 845 (4th Cir. 2001). Further, "the professional judgment standard makes inappropriate any attempt by the courts to determine the correct or most appropriate medical decision." *Id.* (citations and quotations omitted).

5

Here, Plaintiff alleges that Defendant purposefully misdiagnosed him and treated him with hazardous medications. (Filing No. 1 at CM/ECF pp. 4-5.) Liberally construed, and out of an abundance of caution, the court assumes that Defendant was either employed by, or acting pursuant to the directions of, the State of Nebraska when he engaged in the alleged conduct.[1] Accordingly, Plaintiff's allegations are sufficient to "nudge" his Fourteenth Amendment claim across the line from conceivable to plausible. As a result, Plaintiff's Fourteenth Amendment claim against Defendant may proceed and service is now warranted. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

Because Plaintiff's Complaint seeks injunctive relief barred by the Tax Injunction Act and other relief that the court has no authority to grant, only Plaintiff's Fourteenth Amendment claim against Defendant for monetary damages may proceed, in accordance with this Memorandum and Order.[2]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Amend Complaint (filing no. 5) is granted.

2. Plaintiff's injunctive relief claim for a tax exemption and Plaintiff's request to initiate criminal charges against Defendant and to revoke Defendant's medical license are dismissed.

---

[1] If Defendant was not employed by, or acting pursuant to the directions of, the State of Nebraska he will be entitled to dismissal.

[2] To the extent Plaintiff raises state law claims, the court reserves any ruling regarding whether it will exercise supplemental jurisdiction over those claims.

3. Plaintiff's Fourteenth Amendment claim against Defendant for monetary damages may proceed, in accordance with this Memorandum and Order, and service is now warranted.

4. To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons forms and ONE (1) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed of these requirements for the first time, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "October 7, 2009: Check for completion of service of summons."

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

June 9, 2009.                             BY THE COURT:

                                          *s/Richard G. Kopf*
                                          United States District Judge